Tucker, P.
I am of opinion that there is no error • in this judgment. The cases of Ragsdale v. Batte, and. Anderson v. Price, are not direct authorities upon the point, and without disturbing them, we may sustain the declaration in this case. I consider the demand of the plaintiffs to be substantially for the debt and interest, they having, at the time the judgment was entered, released the damages and agreed to receive interest in lieu of them. After that agreement, they never could enforce payment of 400 dollars damages, which were equivalent to thirty-three years interest, when only three years interest was due at the date of the judgment. Now, this is not the case of a demand reduced by payments or matter ex post facto. The reduction is in the judgment itself, and the plaintiffs never had title to demand more. They therefore properly demanded what was due, and no more. Indeed, it is obvious, that this practice in Maryland has been adopted to enable the plaintiff to recover continuing interest; and though the contrivance seems awkward, we cannot fail to see, that the true meaning of the judgment is that the plaintiffs shall recover their debt with interest till paid.
The plea of nil debet was, in this case, an improper plea, according to the decision in Clarke's adm'r v. Day, which we are not disposed to disturb, though I do not acquiesce in some of the reasoning of judge Coalter in that case. The court, therefore, erred in receiving the plea, and might very properly at a subsequent time correct that error by setting aside the issue and the plea. It has done this, substantially, by entering a judgment as if there had been a demurrer. Perhaps, indeed, we ought to infer that there was one; but even if there were none, the court having done what was right, we cannot reverse its act because it has not done it in the right way; since the mode of doing it has no influence upon the justice of the case. It was said, indeed, that if the plea had been rejected, the defendant *17 might have pleaded payment, and that he has been taken by surprise. I do not think so. He ought to have pleaded payment at first, or if he did not, still, on the plea of nil debet being overruled, he would have had a right to plead payment. But he offered no such plea. Had be done so, I should have considered it error to refuse it, as the court, by accepting his first plea, had led him reasonably to suppose he might defend himself under it.
I am. of opinion, that the judgment be affirmed.
Brooke, J. I entirely concur in the opinion of the president. I did not concur in all the reasoning of judge Coalter in Clarke's adm'r v. Day, though I did in the conclusion to which he came, and I said no more. I then entertained the opinion I do now,—that the judgments of our sister states, under the constitution of the U. States and the acts of congress in pursuance thereof, are to be treated as domestic judgments; and that the effect of such judgments in the state from which they came, is a question of law, not a question of fact as in the case of foreign judgments. And I was surprised to hear it argued to the contrary in this case.
Brockenbrough and Parker, J. concurred. Judgment affirmed.